# EXHIBIT B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| *In re* Application of RICARDO BENJAMIN SALINAS PLIEGO & CORPORACION RBS S.A. C.V.,for an Order Pursuant to 28 U.S.C. § 1782 <br> _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. _____ |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
           Singh Law Firm, P.A.
           305 Broadway, Floor 7, New York, NY 10007

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1.

| | |
|---|---|
| Place:   Nelson Mullins Riley & Scarborough LLP <br>        c/o Alan F. Kaufman, Esq. <br>        330 Madison Ave., 27th Floor, New York, NY 10017 | Date and Time: |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

                    OR

_____      _____
    *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    RICARDO BENJAMIN SALINAS PLIEGO & CORPORACION RBS S.A. de C.V.   , who issues or requests this subpoena, are:
Alan F. Kaufman, Esq., Nelson Mullins Riley & Scarborough LLP, 330 Madison Ave., 27th Floor, New York, NY 10017, alan.kaufman@nelsonmullins.com, (212) 413-9016

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>EXHIBIT 1</u>

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below in accordance with the Definitions and Instructions herein:

### <u>DEFINITIONS AND INSTRUCTIONS</u>

A.      "Document" as used herein shall mean every form of recording, including without limitation, any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing photostatic, or by photographic means, magnetic impulse, tape, computer disk, and/or any other form of data storage, data compilation, or mechanical or electronic recording, and all other "documents" or "things" within the meaning of Fla. R. Civ. P. 1.350.  Every draft or non-identical copy of a "Document" is a separate "Document" as used herein.

B.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the request for production all responses that might otherwise be construed to be outside of its scope.

C.      The singular shall include the plural and vice versa, as necessary, to bring within the scope of the request for production all responses that might otherwise be construed to be outside its scope.

D.      The past tense shall include the present tense and vice versa, as necessary, to bring within the scope of the request for production all responses that might otherwise be construed to be outside its scope.

E.      Any word that is not defined herein has its usual and customary meaning.

F.      The "JP Morgan Chase JuristIQ Account" refers to a bank account for the benefit of Jurist IQ Corp. at JP Morgan Chase Bank N.A. ending in Bank No. xxxxxx5152.

G.      The date range for the documents requested is from July 1, 2021 through current unless otherwise specified.

1

## DOCUMENTS TO BE PRODUCED

1.      Please provide all account opening documentation, signature cards and any account agreement that governs the JP Morgan Chase JuristIQ Account.

2.      Please provide all communications involving JP Morgan Chase concerning the opening of the JP Morgan Chase JuristIQ Account.

3.      Please provide all bank statements for the JP Morgan Chase JuristIQ Account from July 1, 2021 through current.

4.      Please provide all documents including communications concerning cash redemptions from Astor Asset Management 3 Limited, Astor Capital Fund Ltd. and Cornelius Vanderbilt Capital Management Ltd paid into the JP Morgan Chase JuristIQ Account.

5.      Please provide all contracts, agreements, receipts, invoices, communications or other documents that relate to payments made from the JP Morgan Chase JuristIQ Account to Jaitegh Singh, Jurist IQ Corp., Singh Law Firm P.A., Astor Asset Management 3 Limited, Vladimir Sklarov, Cornelius Vanderbilt Capital Management Ltd., Tavira Monaco SAM, Yelyzaveta Lata, Astor Asset Management Ltd, Astor Capital Fund Ltd., America 2030 Capital Limited, Bentley Rothschild Capital Limited, Blackrock Capital LLC, Sal Oppenheim Ltd. or Weiser Global Capital Markets Ltd.

6.      Please provide all invoices that you issued to Jurist IQ Corp., Astor Asset Management 3 Limited, Vladimir Sklarov, Cornelius Vanderbilt Capital Management Ltd., Tavira Monaco SAM, Yelyzaveta Lata, Astor Asset Management Ltd, Astor Capital Fund Ltd., America 2030 Capital Limited, Bentley Rothschild Capital Limited, Blackrock Capital LLC, Sal Oppenheim Ltd. or Weiser Global Capital Markets Ltd.

7.      Please provide all documents and communications that contain instructions on behalf of and/or to JuristIQ regarding money paid out of the JP Morgan Chase JuristIQ Account.

8.      Please provide all documents and communications that contain instructions on behalf of and/or to JuristIQ regarding money paid into the JP Morgan Chase JuristIQ Account.

9.      Please provide all documentation reflecting receipt of funds by JuristIQ Corp. from Jaitegh Singh, Singh Law Firm P.A., Astor Asset Management 3 Limited, Vladimir Sklarov, Cornelius Vanderbilt Capital Management Ltd., Tavira Monaco SAM, Yelyzaveta Lata, Astor Asset Management Ltd, Astor Capital Fund Ltd., America 2030 Capital Limited, Bentley

2

Rothschild Capital Limited, Blackrock Capital LLC, Sal Oppenheim Ltd. or Weiser Global Capital Markets Ltd.

10. Please provide all contracts and agreements between Singh Law Firm P.A. and Astor Asset Management 3 Limited, Vladimir Sklarov, Cornelius Vanderbilt Capital Management Ltd., Tavira Monaco SAM, Yelyzaveta Lata, Astor Asset Management Ltd, Astor Capital Fund Ltd., America 2030 Capital Limited, Bentley Rothschild Capital Limited, Blackrock Capital LLC, Sal Oppenheim Ltd. or Weiser Global Capital Markets Ltd.

11. Please provide all documents that show Vladimir Sklarov's addresses during the last 5 years.

12. Please provide all corporate governance documents including but not limited to articles of incorporation, articles of organization, operating agreements, and membership agreements of the following entities: Singh Law Firm P.A., Astor Asset Management 3 Limited, Cornelius Vanderbilt Capital Management Ltd., Tavira Monaco SAM, Astor Asset Management Ltd, Astor Capital Fund Ltd., America 2030 Capital Limited, Bentley Rothschild Capital Limited, Blackrock Capital LLC, Sal Oppenheim Ltd. and Weiser Global Capital Markets Ltd.

13. Please provide all documents and communications from 2020 that relate to changes made to Astor Capital Fund's CEO, director and registered agent which resulted as Thomas Mellon being named in those roles.

H. Please provide all documents including correspondence relating to or otherwise mentioning Mr Mellon in connection with his role at Astor Asset Management 3 Limited, Cornelius Vanderbilt Capital Management Ltd., Tavira Monaco SAM, Astor Asset Management Ltd, Astor Capital Fund Ltd., America 2030 Capital Limited, Bentley Rothschild Capital Limited, Blackrock Capital LLC, Sal Oppenheim Ltd. or Weiser Global Capital Markets Ltd.

4877-4803-0427 v.1 085167/01500, 3:55 PM, 08/22/2024