

P. John Veysey
(617) 217.4645
john.veysey@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

One Financial Center, Suite 3500
Boston, MA 02111
T: 617.217.4700   F: 617.217.4710
nelsonmullins.com

October 8, 2024

**Via ECF**

The Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court – Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**RE:**  *In Re: Pliego et al.* **Case 1:24-mc-00394-LAK**

Dear Judge Kaplan:

This firm represents Applicants Ricardo Benjamin Salinas Pliego and Corporacion RBS S.A. C.V. (the "**RBS Parties**") in the above-referenced proceedings, which involve subpoenas issued by the Court in aid of a foreign action. Specifically, we write further to the Court's Order dated September 30, 2024 (ECF 10) (the "**Order**")—and in opposition to the October 7, 2024, request for an extension of time filed by Jaitegh Singh, Singh Law Firm, and Jurist IQ Corp. (collectively "**Respondents**") (ECF 15)—to briefly reply to the points raised in Respondents' letter.[1]

In summary, Respondents' request for an extension to October 30, 2024, ignores the highly unusual and facts and circumstances giving rise to these proceedings, seeks more time than necessary to work through basic issues, and does not account for the time Respondents already had to assess these issues.

Respondents' first argument is that an extension is warranted because the parties will need to execute a protective order before documents can be produced.  Keeping in mind that the RBS Parties seek these documents for the express purpose using them in connection with a foreign proceeding, and provided that a protective order allows for that use, the execution of a protective is not a reason to enlarge the current October 10, 2024, deadline.

Respondents' second argument asserts that "several" document requests call for potentially privileged documents and are not targeted to specific transactions, and therefore are "not necessarily" amenable to quick collection and review. But setting aside that Mr. Singh (himself a lawyer) has been in possession of the RBS Parties' subpoenas for nearly one month; has been

---

[1] Pursuant to the Order, the RBS Parties filed a preliminary opposition to any further requests for extensions on October 4, 2024 (ECF 11), before Respondents filed their current application, and respectfully incorporate the same arguments and statements of law herein.

Honorable Lewis A. Kaplan, U.S.D.J.
*In Re: Pliego et al.* Case 1:24-mc-00394-LAK
October 8, 2024
Page 2

aware of underlying litigation for much longer than that; and has already objected to the production of certain documents through the service of responses and objections, there is no conceivable reason that Respondents cannot at begin to produce documents by October 10. This includes, for example, transactional and account records that Respondents concede (in a footnote) are unlikely to be privileged. Notably, and while the Respondents refer to "forty-three broad document requests," that number is a function of 14 identical requests repeated verbatim in subpoenas served on Mr. Singh and two entities that he owns and operates. Many (if not most) of the requests seek documents that Respondents can collect and produce in hours if not days. Requests 1, and 3, of each of the three subpoenas, for example, together call for account opening documents and bank statements regarding a *single* bank account. (*See, e.g.*, ECF 4-19, p. 1–12, 20–25).

Respondents also argue that an extension is warranted because "Respondents' counsel has only been formally retained for less than a week" and that the "dense and detailed" affidavit submitted along with of the RBS Parties' October 4 filing "underscores why more time is appropriate." Respondents Letter at 2). But again, the fact that Mr. Singh, a lawyer with a history of delaying (and then ignoring) court requirements and obligations, opted to go weeks without engaging counsel is not a persuasive reason to seek an extension. The information provided to the Court as part of the RBS Parties' opposition to this request is not voluminous or complicated, in that it describes a simple fraud pursuant to which accounts controlled by Mr. Singh received and then transferred hundreds of millions of dollars in misappropriated funds. Indeed, Respondent's counsel acknowledges the *Chenming* case in their October 7 Letter, where Respondents also retained the same firm as counsel since receiving subpoenas months before Respondents were added as defendants. Regardless of whether those subpoenas were withdrawn, we expect Mr. Singh and his counsel have developed some familiarity with the issues raised in the two actions. Notably, Respondents' argument that *Chenming* "involves different transactions and a different borrower" does not deny that the same account was used in that matter, where the allegations are otherwise nearly identical. The RBS Parties respectfully reject the position that Mr. Singh, the Respondents generally, or their counsel need an entire month to assess that to which they are or should be already acclimated.

Respondents' final argument is that their counsel was not involved in prior litigation and that "regardless of what happened" in other matters, they have "no bearing" on whether an extension is appropriate here. We disagree. Singh's "habit of failing to comply with Court orders" (Letter at 3) is relevant to the Court's analysis, and provides very little comfort that his counsel, however diligent, can ensure timely compliance with the subpoenas issued by the Court.

Finally, and with respect to exigency, Respondents argue that the existence of a worldwide freeze order eliminates any need for immediate action, and that "historical" documents will not address future harm. But the "historical" documents being sought are in fact necessary to give that order maximum effect by identifying both the flows and current whereabouts of fraud proceeds that undeniably passed through Respondents' account(s). And Respondents' "historical documents" argument also asks the Court to ignore ordinary course and function of discovery which allows parties a an appropriate degree of latitude in seeking information relevant to their claims or to

Honorable Lewis A. Kaplan, U.S.D.J.
*In Re: Pliego et al.* Case 1:24-mc-00394-LAK
October 8, 2024
Page 3

otherwise protect their interests. Finally, this argument presumes that the relevant actors have even honored, heeded, or complied with the freezing order, which for reasons the RBS Parties already outlined, remains a cause for concern.

For all of these reasons, the RBS Parties respectfully request that Respondents' request for a further extension of time be denied.

                                            Respectfully submitted,

                                            P. John Veysey

Cc:
All counsel (via ECF)
Louis A. Pellegrino, Esq. (via email)
Justine N. Margolis, Esq. (via email)
Charles M. Farrell, Esq. (via email)