**大成 DENTONS**

Louis A. Pellegrino

louis.pellegrino@dentons.com
D   +1 212 398 5795

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

dentons.com

October 7, 2024 (VIA ECF)

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/24

Re:   *In re Pliego et al.,* Case No.: 24 Misc. 394 (LAK)

**MEMO ENDORSED**

Dear Judge Kaplan:

This Firm represents Respondents Jaitegh "JT" Singh, the Singh Law Firm, and Jurist IQ Corp. (collectively, "Respondents") in the above-referenced miscellaneous action. We write in response to Applicants' October 5, 2024 letter ("Applicants' Letter", Dkt. No. 11.)

On September 9, 2024, Your Honor granted Applicants' *ex parte* application for three Subpoenas seeking documents from each of the Respondents. (Dkt. No. 9.) In his September 30, 2024 *pro-se* letter to this Court, Mr. Singh sought thirty additional days for Respondents to retain counsel and to respond to the Subpoenas. (Dkt. No. 10.) Your Honor granted Respondents' request in part, allowing Respondents ten additional days until October 10, 2024. (*Id.*) That Order was without prejudice to filing a renewed application for more time, if such request was filed on or after October 7, 2024. (*Id.*) Applicants' Letter opposes any further extension. (Dkt. No. 11.)

Subsequent to this Court's Order, Respondents retained undersigned counsel who, in accordance with the Court's Order, now respectfully request an extension of the deadline for Respondents to respond to the Subpoenas until October 30, 2024. This brief extension will allow counsel to get up to speed on the underlying issues, work with Applicants to target priority materials for collection and production, and to provide responsive information.

Since their retention, counsel for the Respondents have already taken meaningful steps to comply expeditiously with the Subpoenas, including, working to collect responsive documents, meeting and conferring with counsel for Applicants, and providing written responses and objections to the Subpoenas. Notwithstanding these efforts, for the reasons set forth below, it is simply not feasible for Respondents to complete their collection, review for responsiveness and privilege, and effect production, all by October 10, 2024.

*First*, given the nature of the documents at issue, including confidential banking and financial information and lawyer communications, Respondents cannot begin producing materials until a

**大成 DENTONS**

The Honorable Lewis A. Kaplan
October 7, 2024
Page 2

dentons.com

suitable protective order is in place. Respondents have already discussed this issue with the Applicants, and will provide them with a proposed draft protective order tomorrow for their review, which the Respondents then propose to forward to the Court for Your Honor's consideration.

*Second,* several of Applicants' sweeping document requests are not targeted to readily identifiable non-privileged documents related to Applicants' transactions, and therefore are not necessarily amenable to quick collection and production. For example, just one of Applicants' combined forty-three document requests broadly seeks "all contracts, agreements, receipts, invoices, communications or other documents that relate to payments made from the JP Morgan Chase Jurist IQ Account" at issue to fifteen different persons or entities over a more than three year period. (*See, e.g.,* Dkt. No. 5-1 (Singh Subpoena), Request No. 5.) Another broad request similarly seeks "all documents and communications" that contain instructions regarding money paid out of the subject bank account over that same time frame. (*See id.,* Request No. 7.)

Because the application proceedings for the Subpoenas were *ex parte*, the Court considered the Applicants' rendition of the facts, while the Respondents did not at that time have the opportunity to challenge the propriety or scope of the discovery requested. Thus, for example, Applicants' request for "all" documents, communications, and instructions that relate to payments from the JP Morgan Chase Jurist IQ Account over a three-year period is likely to encompass documents wholly unrelated to the *Applicants'* transactions or to the parties in the English Action. Further, Applicants have no basis for the claim in their Moving Papers that these requests, which target "communications" in Mr. Singh's and his law firms' files are not privileged or, will not at a minimum, require a careful privilege review. (Dkt. No. 4 at 24-25.) Collection of electronic communications between a lawyer and his client, potentially encompassing various types of message media over a three year period, is a time consuming process. Here, those searches, which will all come from legal files, will necessarily sweep in many types of documents, which will then have to be carefully reviewed for privilege and responsiveness before they can be produced.[1]

Furthermore, nothing in Applicants' Letter justifies their refusal to agree to any additional time to respond when Respondents' counsel has only been formally retained for less than a week. Rather, the materials Applicants attach to their Letter only underscore why more time is appropriate here. Applicants' Letter included more than 30 pages of dense, detailed affidavits regarding complex loan transactions relating to a matter in which Mr. Singh is not a party. At most, Applicants allege that the parties to the English Action previously asked Mr. Singh to provide information in response to certain questions. (*See* Dkt. No. 11-2 ¶ 2–11.) That is far cry from Applicants' implication that Mr. Singh has already pre-collected the documents necessary

---

[1] For the avoidance of doubt, Respondents recognize that not all communications regarding payments are likely to be privileged, and therefore will need to make an individualized assessment of each communication to ensure it does not also contain a request for, or the provision of, legal advice.



The Honorable Lewis A. Kaplan  
October 7, 2024  
Page 3

dentons.com

to respond to forty-three broad document requests—which he has not—and can therefore easily reproduce them.

Likewise, the *Chenming* matter currently pending before Judge Failla also has no bearing on the discovery sought here. *See Chenming Holdings (Hong Kong) Limited v. John Does 1-10, et al.*, Docket No. 24 Civ. 935 (KPF). That case involves different transactions and a different borrower. It is also only at the pleading stage, and therefore no discovery has commenced. A pre-motion conference on defendants' motions to dismiss is set for October 29, 2024 (*See* Dkt. No. 69 (24 Civ. 935)); and, the *Chenming* subpoenas that Applicants reference were withdrawn before any documents were produced. (*See id.*, Dkt. No. 28.)

*Lastly*, undersigned counsel was not involved in any of the other prior litigation that Applicants point to in their Letter. Regardless of what happened in those matters, they have no bearing on whether Respondents are entitled to adequate time and assistance of counsel to properly respond to the discovery demanded here.

Notwithstanding Applicants' contention that the time sensitivity "speaks for itself," (Dkt. No. 11 at 2), they fail to make a persuasive case that they would be harmed by an extension of less than thirty days. Applicants appear to have already obtained a worldwide freeze order against Sklarov and other relevant participants in the English Action. (*See* Dkt. No. 4, at 13.) Nor is it clear how the documents requested by the Subpoenas here, which extend back over a three year period, are necessary to avoid any alleged "ongoing" or future harm, or why the modest extension sought here further increases the purported "imminent risk," when the documents are historical in nature (*Id.* at 2-3.).

For the reasons set forth above, Respondents respectfully request until October 30, 2024 to respond to the Subpoenas. Thank you for your consideration of this request.

Respectfully submitted,

[Signatures on the next page]

**大成 DENTONS**

The Honorable Lewis A. Kaplan
October 7, 2024
Page 4

dentons.com

**DENTONS US LLP**

/s/ *Louis A. Pellegrino*

Louis A. Pellegrino
Justine N. Margolis
Charles M. Farrell
1221 Avenue of the Americas
New York, New York 10020
Telephone: +1 212 398 5795
louis.pellegrino@dentons.com
justine.margolis@dentons.com
charles.farrell@dentons.com

*Counsel for Respondents Jaitegh Singh, Singh Law Firm, and Jurist IQ Corp.*

Cc: All counsel (via ECF)

*Having considered all of the parties' submissions carefully, the request for additional time is DENIED. The Clerk shall terminate DKT 11 and 16 as well.*

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ

10/16/24