USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-21-24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re* Application of RICARDO BENJAMIN SALINAS PLIEGO & CORPORACION RBS S.A. C.V., for an Order Pursuant to 28 U.S.C. § 1782

Case No: 24 Misc. 394 (LAK)

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Applicants Ricardo Benjamin Pliego, and Corporacion RBS SA (collectively "Applicants"), and Respondents Singh Law Firm, P.A.; Jaitegh Singh, Esq.; and Jurist IQ Corp. (collectively, the "Respondents," and together with the Applicants, the "Parties") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that Respondents may need to disclose in connection with the subpoenas served in this action;

WHEREAS, on August 23, 2024, Applicants filed the above-captioned action on the miscellaneous docket in this district, pursuant to 28 U.S.C. § 1782 (the "§ 1782 Action"), requesting the issuance of three subpoenas to Respondents (the "Subpoenas") seeking discovery for use in a foreign proceeding in support of an action currently pending in the Business and Property Courts of England and Wales Commercial Court (claim number CL-2024-000450, the "English Action");

WHEREAS, in the interest of protecting the legitimate interests of the parties in maintaining the confidentiality of certain information to be disclosed during the discovery process:

IT IS HEREBY AGREED as follows:

1. This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information by the Respondents to the Applicants pursuant to the Subpoenas (hereinafter the "Discovery Material"). It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated

unless it is highly sensitive information and there is a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case or of the English Action.

2. Nothing in this Stipulated Confidentiality Agreement and Protective Order shall be interpreted or construed as changing any burden of proof or persuasion with respect to any confidentiality designation or burden with respect to any sealing request.

3. "Producing Party" shall mean the Respondents to the § 1782 Action.

4. "Receiving Party" shall mean the Applicants to the § 1782 Action and/or anyone receiving Confidential Information pursuant to ¶ 8 below, but not the Court and its personnel as defined in ¶ 10, below.

5. With respect to Discovery Material the Producing Party has designated as "Confidential" pursuant to this Order, no Receiving Party may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

6. With respect to the Confidential portion of any Discovery Material, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential - Subject to Protective Order" the protected portion in a manner that will not interfere with legibility or audibility.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to the Subpoenas or any future discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility of any document, testimony, or other evidence, either in the § 1782 Action, the English Action, or any other proceeding.

8. Where the Producing Party has designated Discovery Material as Confidential, the Receiving Party may disclose such information only to the following persons:

> (a) The named Applicants in the § 1782 Action, as well as their current officers, directors, employees and agents who are assisting with the § 1782 Action or the prosecution of the English Action;

(b) counsel of record for Applicants in the § 1782 Action or the English Action, and any lawyers retained or employed by the Applicants in connection with the § 1782 Action or the English Action, and employees of their firms ("Counsel");

(c) The respondents in the English Action, which are Asset Management 3 Limited, Weiser Global Capital Markets LTD, Tavira Monaco SAM, Vladimir Sklarov, Cornelius Vanderbilt Capital Management LTD, and Astor Capital Fund Limited, (collectively "English Action Respondents") as well as their current officers, directors and employees who are assisting with the defense of the English Action, but only after such persons have first executed a Consent to Protective Order ("Consent") in the form annexed as Exhibit A hereto.

(d) counsel of record for the English Action Respondents, and any lawyers retained or employed by the English Action Respondents in the English Action, and employees of their firms, but only after such persons have first executed a Consent in the form annexed as Exhibit A hereto;

(e) persons or entities that provide litigation support services (such as copy-service providers and document-management consultants) that are retained by a party or counsel in the § 1782 Action or the English Action, but only after such person has first executed a Consent in the form annexed as Exhibit A hereto;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy prior to it being produced herein;

(g) any witness who counsel for a party in the § 1782 Action or the English Action in good faith believes may be called to testify at a hearing, deposition, or trial in the § 1782 Action or in the English Action for whom disclosure of Confidential Discovery Material is reasonably necessary to participate in the prosecution or defense of those actions, provided such person has first executed a Consent in the form annexed as Exhibit A hereto;

(h) testifying independent experts or independent expert consultants who are retained in connection with the § 1782 Action or the English Action, provided such person has first executed a Consent in the form annexed as Exhibit A hereto;

(i) stenographers engaged to transcribe depositions that the parties conduct in the § 1782 Action or in the English Action; and

(j) this Court, including any appellate court, its support personnel, and court reporters;

(k) The English Court supervising the English Action, including any appellate court, its support personnel, and court reporters;

(l) Any other person designated to receive Confidential Discovery Material with written permission provided by the Producing Party.

9. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(c)-(e) and (g)-(h) above, counsel must provide a copy of this Order to such person, who must sign the Consent in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Consent and hold it in escrow.

10. For the avoidance of doubt, nothing in Paragraph 8 shall impose any limitation on the ability of the Producing Party to disclose its own Confidential Discovery Material. The Producing Party shall not be required to obtain an executed Consent from its own current or former employees with respect to disclosure of its own Confidential Discovery Material.

11. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

12. This Order shall have no force and effect on the use of any Discovery Material at any hearing or other proceeding before the Court in the § 1782 Action.

13.     Confidential Discovery Material used in the English Action shall be subject to the collateral use restrictions set forth in Rule 31.22(1) of the Civil Procedure Rules applicable in the English Action. To the extent any Receiving Party seeks to file Confidential Discovery Material in the English Action, they will request that the English court maintain the confidentiality of such material, and will, at a minimum, prior to filing, redact social security numbers, taxpayer identification numbers, birth dates, and financial account numbers, such as bank account numbers, except where the content of the identifying information just described is specifically required by the Receiving Party in the English Action, including, but not limited to, confirming the identity or association of certain accounts, individuals, or Defendants, such that the Receiving Party requires disclosure of any such relevant Confidential Discovery Material to the English court, whereupon, the Receiving Party may provide that material to the Defendants and the English court without redactions as to the specific content and for the limited purposes just described. Where possible or available, the Receiving Party may apply partial redactions in the circumstances described in the preceding sentence to fulfill the purposes of any such limited disclosure.

14.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. Any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Notwithstanding any other

provision of this paragraph, if the Parties stipulate that specific portions of a document are both confidential and immaterial to the § 1782 Action, a Party may publicly file a version of the document with those confidential and immaterial portions redacted, and that party need not submit an unredacted version to the Court or file a motion to seal.

15. If the motion to seal is granted, the filing Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the Court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the Electronic Court Filing system. If the Producing Party's timely motion to seal is denied, then the Party (or, as appropriate, non-party) making the filing shall take steps to replace the redacted filing with its corresponding unredacted version.

16. Any Receiving Party in the § 1782 Action who objects to any designation of confidentiality may at any time serve upon counsel for the Producing Party a written notice stating the grounds of the objection. If the Parties cannot resolve the objection within 5 days after the time the notice is received, it shall be the obligation of the Producing Party to file an appropriate motion on or before the 5th day following receipt of the notice requesting that the Court determine whether the disputed information should be subject to the terms of this Order. If the Producing Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential, and shall not thereafter be treated as Confidential in accordance with this Order. The Producing Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential. The Parties shall treat the disputed materials as Confidential pending the Court's resolution of a timely-filed motion.

17. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court.

18.     Confidential Discovery Material will be used solely for the prosecution and defense of the § 1782 Action and the English Action, and shall not be used in any other proceeding, or for any business, regulatory, commercial, competitive, personal or other purpose whatsoever. Confidential Discovery Material will not be disclosed orally or in writing to anyone except the following persons: (1) the persons identified in Paragraph 8 of this Order in accordance with the terms set forth herein; or (2) when the Court, after notice to all Parties, permits disclosure.

19.     Nothing in this Order prevents the Receiving Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that, unless precluded by applicable laws or rules, the Receiving Party gives written notice to the Producing Party as soon as reasonably possible before the disclosure is made, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

20.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

21.     If a Receiving Party receives documents or other materials that it has reason to believe are subject to a good faith claim of attorney-client privilege, work product protection, or other privilege or immunity from disclosure, the Receiving Party must refrain from examining the documents or other materials any more than is essential to ascertain whether the documents or other materials are reasonably subject to such a claim. The Receiving Party shall promptly notify the Producing Party in writing that the Receiving Party possesses documents or other material that appears to be privileged or otherwise protected from disclosure and treat the material as if it had never been produced.

22. If, in connection with this litigation, a Producing Party discloses information that is subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege or immunity from disclosure, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or other privilege or immunity from discovery with respect to the disclosed information or its subject matter. In addition, a Producing Party may use its own document (*e.g.*, as a deposition or hearing exhibit) containing material that is subject to a claim of privilege or immunity from disclosure for the purpose of establishing the basis of such claim without waiver of any applicable privilege or immunity from disclosure, unless the Producing Party affirmatively uses or relies upon the specific material contained in the document that is subject to the claim of privilege or immunity from disclosure for any purpose other than establishing the basis of such claim.

23. If the Producing Party seeks to claw back materials subject to a claim or privilege or other protection, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the documents it wishes to claw back and the basis of the claim of attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity relied upon in support of its request.

24. If a Producing Party makes a claim of disclosure of privileged or otherwise protected material, the Receiving Party shall, within five business days, return or destroy all copies of the material, and provide a certification of counsel that all such information has been returned or destroyed, unless the Receiving Party seeks to dispute that the information is privileged or otherwise protected as set forth below. Until the dispute is resolved or ruled upon, the Receiving Party shall undertake to keep such information restricted solely for use in connection with the dispute over the privilege or protection.

25. Within five business days after the notification that such material has been returned, destroyed, or kept for the limited purpose described in § 24, the Producing Party shall produce a privilege log with respect to the disclosed information.

26.     The Receiving Party may move the Court for an Order compelling production of the materials that the Producing Party contends is privileged or otherwise protected from disclosure. Pursuant to the parties' obligations set forth herein, the motion shall not quote or paraphrase the substance of the document subject to the motion to compel beyond the description of the document contained in the privilege log entry for the document. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the production in this action.

27.     The Producing Party retains the burden of establishing the privileged or protected nature of any material it contends is privileged or otherwise protected from disclosure. Nothing in this Order shall limit the right of any Producing Party or Receiving Party to request an *in camera* review of the material.

28.     Unless the parties otherwise agree or a court of competent jurisdiction otherwise orders, within 60 days of the final disposition of the § 1782 Action and the English Action—including all appeals—all Receiving Parties must either return all hard copy Confidential Discovery Material—including all copies thereof—to the Producing Party, or destroy such material—including all copies thereof. In either event, by the 60-day deadline, the Receiving Party must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding the foregoing: (i) the Parties shall confirm that they will continue to treat as Confidential any Discovery Materials so designated that have been received electronically and that cannot be returned or destroyed, and shall take reasonable measures to ensure that unauthorized persons do not have access to Confidential information; and (ii) outside counsel are permitted to retain copies of all pleadings, motion papers, court filings made under seal, transcripts, legal memoranda, correspondence, attorney work product, written discovery responses, deposition and trial exhibits, and expert reports, even if such materials contain Confidential Discovery Material,

subject to a continuing obligation to protect information designated Confidential pursuant to this Order.

29. This Order will survive the termination of the litigation and will continue to be binding upon each Receiving Party.

30. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

10/20/24

Louis A. Kaplan
United States District Judge

Dated: October 17, 2024

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/ P. John Veysey

P. John Veysey
One Financial Center, Suite 3500
NELSON MULLINS RILEY &
SCARBOROUGH LLP
Boston, MA 02111
617-217-4645
Email: john.veysey@nelsonmullins.com

*Counsel for Ricardo Benjamin Salinas Pliego and Corporacion RBS S.A. C.V.*

Respectfully Submitted,

**DENTONS US LLP**

By: /s/ Louis A. Pellegrino

Louis A. Pellegrino
Justine N. Margolis
Charles M. Farrell
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: +1 212 398 5795
louis.pellegrino@dentons.com

*Counsel for Jaitegh Singh, Singh Law Firm, and Jurist IQ Corp.*

Exhibit A<br>
to Stipulated Confidentiality<br>
Agreement and Protective Order

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re* Application of RICARDO BENJAMIN SALINAS PLIEGO & CORPORACION RBS S.A. C.V., for an Order Pursuant to 28 U.S.C. § 1782

Case No: 24 Misc. 394 (LAK)

### CONSENT TO PROTECTIVE ORDER

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, and agree to be bound by and abide by the terms thereof. I agree that I will not use or disclose such Confidential Discovery Material except to those persons qualified to receive such information pursuant to the Protective Order and only for purposes of the prosecution or defense of the above captioned action or the action pending in Business and Property Courts of England and Wales Commercial Court, claim number CL-2024-000450. I agree that at the conclusion of the litigation I will return all Confidential Discovery Material to the Party or attorney from whom I received it, or certify that it has been destroyed. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder.

_____

Date: